# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL SNIDER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-801** |
| | : | |
| **OFFICER MCKEEHAN**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                           **December 9, 2019**

In six cases in two federal districts and in the Court of Appeals addressing very similar fact patterns, prisoner *pro se* litigant Joel Snider has moved twenty times for appointed counsel. As a civil rights litigant, he is not entitled to counsel who needs to volunteer to help him. He always claims he needs counsel to prosecute his cases. But his conduct confirms the opposite. He repeatedly files motions. He is diligent in protecting his rights. Judges, with one exception, have denied his motions for appointed counsel. In the one case in this Court (*Snider v. Corbett*, No. 13-1226) where Judge Brann granted him relief in the appointment of counsel, the counsel settled the case on his behalf, but Mr. Snider is now on appeal presumably challenging the settlement at least in part.

Mr. Snider is well acquainted with federal practice. He has filed dozens of motions often at the pace of two or three a week depending on which case he is prosecuting based on the same alleged harm. While he strains to avoid addressing the merits of his claims, he is now required to respond to long-pending motions to dismiss in this case by December 20, 2019. While Mr. Snider has successfully delayed our addressing the motions to dismiss for several months, we now await his response and will rule with no further extensions. He claims he needs a medical expert for a certificate of merit. We cannot determine whether appointment of counsel or somehow appointing

a medical expert is an appropriate use of taxpayer dollars. We decline to appoint counsel or a medical expert at this stage.

Although Congress in 28 U.S.C. § 1915(e)(1) permits us to appoint counsel in civil rights cases for indigent prisoners, our Court of Appeals emphasizes "volunteer lawyer time is extremely valuable," and "district courts should not request counsel . . . indiscriminately."[1] "Civil litigants have no constitutional or statutory right to appointed counsel."[2] Nevertheless, Congress has provided "[t]he court may request an attorney to represent any person unable to afford counsel," granting us "'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[3]

Under our Court of Appeals' guidance in *Tabron*, we undertake a two-step inquiry. First, we must consider the merits of the claim, deciding whether it has "arguable merit."[4] If so, we then consider a non-exhaustive list of factors, including (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) the plaintiff's ability to retain and afford counsel.[5] These same factors apply to first and subsequent requests, regardless of the stage of the case, and we "should consider the *Tabron* guideposts that may be relevant . . . at the time and stage of the litigation that the request is made."[6] Our Court of Appeals cautions "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."[7]

Accepting as true the allegations, we cannot yet determine whether Mr. Snider's claims have arguable merit. We will not dismiss the medical negligence claim at this stage based on a

2

lack of certificate of merit. We will await further progress should this state law claim remain in this Court. We cannot turn to the remaining *Tabron* factors yet. We will have a better idea after review of motions to dismiss and close of the pleadings. We will not dismiss his case for lack of a certificate of merit until much later assuming he timely moves for continuances of this obligation.

Even if we addressed the *Tabron* factors at this stage, we could not approve compelling an attorney to undertake a voluntary representation without more detail developed after the close of the pleadings. Mr. Snider is undoubtedly capable of presenting his own case, as evidenced by his repetitive litigation tactics in this Court and before Judges Bissoon and Brann. Second, the legal issues involved in this case are not so complex at this preliminary stage as to require the aid of counsel. Third, the fact investigation necessary to prosecute Mr. Snider's claims will be limited at this stage but may be impeded by his custodial status. While it is possible his claims may involve credibility determinations, we are not near this issue yet. The case may involve expert witnesses. As for the sixth factor, Mr. Snider has not detailed efforts to retain counsel, but we are mindful of his recent history with counsel and his present custodial status. At this stage, these factors together weigh in favor of denying Mr. Snider's motion for appointment of counsel without prejudice.

After carefully considering our Court of Appeal's *Tabron* factors, we cannot conclude Mr. Snider's claims are "truly substantial" at this stage requiring counsel.[8] His filings suggest literacy, education, and ability to understand language to support a finding he is able to present his case. Although *pro se* litigants who are incarcerated always face greater challenges than other litigants in bringing civil rights claims, which can be complex, after weighing these obstacles against the issues presented by this case, we are not persuaded an appointment of counsel is presently warranted. We also deny a request for appointment of a medical expert as we are not aware of precedent supporting spending taxpayer dollars in a civil rights case for a medical expert.

3

We deny Mr. Snider's Motion in the accompanying Order without prejudice.

---

[1] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[2] *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)).

[3] *Montgomery*, 294 F.3d at 498 (quoting *Tabron*, 6 F.3d at 153).

[4] *Houser*, 927 F.2d at 697 (citing *Tabron*, 6 F.3d at 155).

[5] *Id.* (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56).

[6] *Id.* at 700.

[7] *Montgomery*, 294 F.3d at 499 (cited in *Houser*, 927 F.3d at 700).

[8] *Id.* at 156.